IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT RUSSELL SPENCE, | ) | |
| | ) | Civil Action No. 2:12-cv-857 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge David Stewart Cercone |
| | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| CHRISTOPHER THOMPSON, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint, which was commenced *in forma pauperis*, be dismissed under 28 U.S.C. §1915(e)(2)(B), as frivolous and for failure to state a claim upon which relief may be granted.

### II.   REPORT

Plaintiff, proceeding *pro se*, commenced this action on June 25, 2012 and subsequently filed a motion to proceed *in forma pauperis* which was granted.  In his Amended Complaint (ECF No. 12), Plaintiff alleges that this civil action is authorized by 42 U.S.C. §§1981, 1982 (property rights of citizens), 1983 (to redress the deprivation under color of state law), 1985 and 2000c-5 (of rights secured by the U.S. Constitution).  Plaintiff attempts to set forth numerous legal claims under the Fourth, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments to the U.S. Constitution, as well as various state law claims.[1]  (Am. Compl. at ¶¶262-362,[2] ECF No. 12

---

[1] Plaintiff also alleges that some of the same claims violate unidentified federal and state laws.

1

at 73-86.)  In his prayer for relief, Spence seeks monetary damages as well as declaratory and injunctive relief.  (Am. Compl. ¶¶357-376,[3] ECF No. 12 at 87-89.)

## A.    LEGAL STANDARDS

The Court must liberally construe the factual allegations of Plaintiff's Amended Complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the Court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Amended Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff is currently incarcerated, he is not seeking "redress from a governmental entity or officer or employee of a governmental entity" and therefore, Section 1915A does not apply to Plaintiff's Amended Complaint. 28 U.S.C. §1915A. However, the amendments to the PLRA codified at 28 U.S.C. §1915 apply to individuals who have been granted *in forma pauperis* ("IFP") status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D.Pa. 1997) (holding that federal *in forma pauperis* statute is not limited to prisoner suits); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) (holding that non-prisoners have the option to proceed *in forma pauperis*), *superseded on other grounds by Callahan v. Schenider*, 178 F.3d

---

[2] Plaintiff has used six paragraph numbers twice—on page 83 of ECF No. 12, Plaintiff purports to assert legal claims in paragraphs 357 through 362; on page 87 of ECF No. 12, Plaintiff asserts his prayer for relief, in part, in paragraphs numbered 357 through 362.  When referring to these paragraph numbers, the Court will refer to the page in ECF where they appear to make clear which allegations the Court is referring to.

[3] *See* Note 2, *supra*.

800 (6th Cir. 1997). Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e).

Pertinent to the case at bar is the authority granted to federal courts for the *sua sponte* dismissal of claims in IFP proceedings. Specifically, Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)[4] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light

_____

[4] In reviewing complaints under 28 U.S.C. §1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915(d) both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

### B. PLAINTIFF'S CLAIMS

Plaintiff brings this cause of action against twenty-three Defendants, twenty-two of whom are private individuals who had personal and/or business relationships with Plaintiff. Thirteen of the named Defendants are members of the Staples family (collectively, the "Staples Defendants"). [5] Five of the named Defendants are members of the Thompson family (collectively, the "Thompson Defendants").[6] In addition, Plaintiff has named Oronde Shelton, Manikia Mickie, and Stephie-Anna K. Ramaley, a criminal defense attorney, as Defendants. The other two named Defendants consist of the Rivers Casino and its manager, Craig Clark (together, the "Casino Defendants"). (Am. Compl., ¶¶4-26, ECF No. 12 at 4-6.) According to Plaintiff, three of these Defendants—Christopher Thompson, Oronde Shelton, Tywan Staples—are currently incarcerated. (Am. Compl., Case Caption, ECF No. 12 at 2.)

Plaintiff, who is currently incarcerated at the Beaver County Jail, describes himself as a "freelance accountant, lawyer, legal consultant, broker personal assistant, psychologist with 1000's of clients with professional client-relationship agreements as well as verbal and silent partner of many businesses." (Am. Compl., ¶3, ECF No. 12 at 3.) Plaintiff's claims derive from what he describes as "pure greed, jealousy, envy, 7 deadly sins." (Am. Compl., ¶27, ECF No. 12 at 7.) In his own words, Plaintiff summarizes his lawsuit as follows:

---

[5] The Staples Defendants consist of: Arnold Staples Jr., Arnold Staples III, and Dontane, Darius, Lillian, Donna, Montel, LaRue, Monica, Tiffany, Tywan, Rita, and Terry Staples.
[6] The Thompson Defendants consist of: Christopher, Candice, Crystal, and Chasity Thompson, and Daleena Johnson, the mother of Candice Thompson.

> All Defendants mentioned were a part of a vast criminal conspiracy that lied to authoritys (sic), and others creating a minature (sic) civil war and multiple family feuds. All Defendants were either in a verbal committed or written agreement with Plaintiff. Once Plaintiff was incarcerated by some of the Defendants ill-willedly (sic) each and everyone broke committments (sic) and violated Plaintiff's civil and constitutional rights, which will be displayed throughout.

Am. Compl., ¶28.

A review of the 90-page, 376-paragraph Amended Complaint reveals that in essence, Plaintiff contends that he was a successful entrepreneur, who loaned Defendants money, paid their bills/rent, and/or purchased cars for them in exchange for their managing his property/investments and/or for taking care of his children. Plaintiff also contends he provided the financing for business deals with several of the Defendants, which resulted in a loss of most, if not all, of Plaintiff's investments due to Defendants' actions. Some of these arrangements were memorialized in written agreements while others were verbally agreed to. These business arrangements/transactions allegedly took place at various times beginning in 2004 through sometime in 2010.[7] Plaintiff contends that Defendants failed to hold up their end of the bargain, either mismanaging, misappropriating, and/or stealing his property/funds, or not repaying debts owed. In addition, Plaintiff alleges that some of the Defendants became informants for the DEA and shifted blame away from themselves and onto Plaintiff, resulting in Plaintiff's arrest on federal charges.[8]

---

[7] Plaintiff also references one transaction that occurred "sometime in 2011." Am. Compl., ¶72.

[8] A review of the public court docket in the U.S. District Court for the Western District of Pennsylvania reveals that Plaintiff was arrested on or about April 5, 2012 on a second superseding indictment filed in Criminal Case No. 2:09-cr-105. Plaintiff is charged with the felony offenses of conspiracy to possess with intent to distribute 5 kg or more of cocaine, conspiracy to engage in money laundering, and possession with intent to distribute 5 kg or more of cocaine. No trial date has been set yet in his federal criminal case at No. 2:09-cr-105.

A dearth of factual allegations against the Casino Defendants exists in the Amended Complaint. Defendant alleges merely that the Casino Defendants allowed Defendants Chasity Thompson and Daleena Johnson and "others" to enter the Rivers Casino at least three days a week and gamble with approximately $1.3 million, which the Thompson family stole from Plaintiff. (Am. Compl.. ¶¶97-98, 176, 302, 304, 317, 318.) Plaintiff contends that the Casino Defendants continued to allow Chasity into the Casino, even after Plaintiff contacted the Casino and asked that she be denied access to the Casino. (Am. Compl., ¶¶302, 317-318.) Consequently, Plaintiff maintains that Chasity Thompson, Daleena Johnson, and other members of Thompson family gambled away all of the $1.3 million, including a pre-paid life insurance policy, belonging to him. (Am. Compl.. ¶¶97-98, 176, 304, 318.) Based on the above allegations, Plaintiff asserts the following claims against the Casino Defendants: (1) violation of his Fifth Amendment rights (¶304); (2) violation of his Sixth Amendment right to legal representation (¶354); (3) violation of his Seventh Amendment rights (¶317); and a violation of his rights under the Fourteenth Amendment (¶¶302, 318).

## C. DISCUSSION

Plaintiff asserts a plethora of claims under identified and unidentified federal and state laws. The alleged violations of identified federal laws and/or constitutional provisions include 42 U.S.C. §§1981, 1982, 1983, 1985, 2000c-5, and the Fourth, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments to the U.S. Constitution. The alleged violations of state law include breach of contract, giving false statements to authorities,[9] "posing malpractice actions," deprivation of property without compensation/seizing property without cause,[10] sharing secrets

---

[9] Although not cited by Plaintiff, 18 PA. CONS. STAT. ANN. §4904 applies to false statements.
[10] This claim sounds similar to the common law tort of conversion in Pennsylvania.

with others without authorization,[11] and defamation.   The Court will address each of Plaintiff's claims below.

## 1.   Liability Under Section 1981

Plaintiff asserts liability against Defendants under 42 U.S.C. § 1981, which provides as follows:

> 1981.   Equal rights under the law
>
> (a)      Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

A claim under section 1981 is restricted by its language to discrimination based on race or color. *Springer v. Seaman*, 821 F.2d 871 (1st Cir. 1987) (racial animus is necessary element of claim under § 1981).   Accordingly, to state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is member of a racial minority, that there was intent to

---

[11]Plaintiff appears to be asserting another breach of contract claim, as Plaintiff's description suggests that a confidentiality agreement may have been breached.

discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *Imagineering, Inc. v. Kiewit Pac. Co*, 976 F.2d 1303, 1313 (9th Cir. 1992) (under section 1981, plaintiff must allege facts that would support an inference that defendant intentionally and purposefully discriminated against him); *Hood v. New Jersey Dep't of Civil Serv.*, 680 F.2d 955, 959 (3d Cir. 1982).

Other than alleging that some of the Defendants breached oral and written agreements with him, Plaintiff fails to allege any facts in the Amended Complaint which establish liability under Section 1981. Plaintiff does not allege any facts to show that he is member of a racial minority or that there was intent to discriminate on the basis of race by any of the Defendants. Indeed, Plaintiff contends that the alleged deprivations were motivated by greed, envy and jealousy. In addition, Plaintiff does not allege which of the specific categories identified in the statute were allegedly violated or which Defendants allegedly violated Section 1981. As a result of these infirmities, Plaintiff's claim for liability under 42 U.S.C. § 1981 should be dismissed as to all Defendants. *See Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63 (6th Cir. 1985) (section 1981 claim failed as a matter of law where the plaintiff failed to proffer a prima facie case of intentional race discrimination); *White v. Florida Highway Patrol,* 928 F. Supp. 1153 (M.D. Fla. 1996) (complaint dismissed due to vague and conclusory allegations).

In addition, it appears that Plaintiff's claim under Section 1981 is likely time-barred, as well. Generally, claims under Section 1981 are subject to the statute of limitations for personal injury actions for the state in which the Section 1981 claim arises. *Carpenter v. Young,* No. Civ. A. 04-927, 2005 WL 1364787, *5 (E.D.Pa. June 1, 2005) (citing *Boykins v. Lucent Techs., Inc.,* 78 F.Supp. 2d 402, 408 (E.D.Pa. 2000)). In Pennsylvania, the statute of limitations for personal

injury actions is two years. *Id.* (citing *Vitalo v. Cabot Corp.,* 399 F.3d 536, 542 (3d Cir. 2005)).[12]    Therefore, any conduct or events occurring prior to June 25, 2010 cannot form the basis of Plaintiff's Section 1981 claim, and to the extent based thereon, Plaintiff's Section 1981 claim is time-barred.

## 2.    Liability Under Section 1982

Next, Plaintiff asserts liability under Section 1982, which establishes the property rights of citizens, and provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. §1982. "To establish a cognizable claim under § 1982, a plaintiff 'must allege with specificity facts sufficient to show ... (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his [property] rights because of race.'" *Crane v. Cumberland Cnty., Pa.*, 64 F. App'x 838, 841 (3d Cir. 2003) (quoting *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir.2001)).

Plaintiff's Section 1982 claim fails for the same reason as his claim under Section 1982—Plaintiff has failed to allege any facts to show that he is member of a racial minority or that Defendants' intent to deprive him of his property rights was based on his race. Rather, Plaintiff contends that the alleged deprivations were motivated by greed, envy, and jealousy. Thus, Plaintiff has not stated a legally cognizable claim for liability under Section 1982. Moreover, to

---

[12] The Supreme Court has applied the federal "catch-all" four-year statute of limitations in 28 U.S.C. §1658(a) to Section 1981 claims in the limited circumstance where the alleged conduct supporting the Section 1981 claim is predicated on the language added  by the 1991 amendment to Section 1981. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 382-83 (2004); *see also Ke v. Ass'n of Pa. State Coll. & Univ. Faculties,* 447 F. App'x 424, 425-26 (3d Cir. 2011) ("Section 1658(a)'s four-year limitations period does not apply to claims that could have been raised under the pre-1990 version of §1981."). Here, the factual allegations indicate that Plaintiff's Section 1981 claim can be raised under the pre-1990 version of Section 1981, and thus, the two-year statute of limitations applies to Plaintiff's Section 1981 claim.

the extent Plaintiff's Section 1982 claim is predicated upon conduct or events occurring prior to June 25, 2010, his claim is time-barred. *Carpenter,* 2005 WL 1364787, at * 5 (citing *Mitchell v. Cellone,* 291 F.Supp. 2d 368, 372 (W.D.Pa. 2003) (collecting cases) ("statute of limitations for plaintiff's §1982 claim is the two year statute of limitations for personal injury actions in Pennsylvania."), *rev'd on other grounds,* 389 F.3d 86 (3d Cir. 2004)). Accordingly, the Court recommends that Plaintiff's claim under Section 1982 be dismissed as to all Defendants.

### 3. <u>Liability Under Section 1983 & Fourteenth Amendment</u>

Plaintiff also alleges violations of his rights under the Fourteenth Amendment, presumably under Section 1983. In particular, Plaintiff asserts Fourteenth Amendment violations against Defendants Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Christopher Thompson, and Stephie Ramaley for alleging giving false statements to authorities. (Am. Compl., ¶¶268, 271, 274, 277, 284-85, 291, 298.) Plaintiff asserts claims against Chasity Thompson under the Fourteenth Amendment for allegedly stealing money from him in March 2011 for attorneys' fees (Am. Compl. ¶301), and for lying about him to cover her own shortcomings (*id.* at ¶333). Plaintiff also asserts Fourteenth Amendment claims against the Casino Defendants for allowing Chasity Thompson to continuously enter the Rivers Casino with Plaintiff's money, all of which she lost. (*Id.* at ¶¶302, 318.) Finally, Plaintiff asserts claims under the Fourteenth Amendment against Donna Staples, Daleena Johnson, Candice Thompson, Christopher Thompson, Crystal Thompson, LaRue Staples and Tiffany Staples for allegedly stealing hundreds of thousands of dollars from Plaintiff causing him to not be able to adequately defend himself in federal court. (*Id.* at ¶¶319-21.) However, Plaintiff's Section 1983/Fourteenth Amendment claims fail because he has not alleged any facts that suggest Defendants are state actors.

In order to "state a claim of liability under §1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States of any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. As the court of appeals aptly explained in *Brown v. Philip Morris*:

> Unlike §§ 1981 and 1982, § 1983 is derived from the Civil Rights Act of 1871, which was enacted to enforce the Fourteenth Amendment. *Mahone v. Waddle*, 564 F.2d 1018, 1031 (3d Cir.1977). Moreover, the Act of 1871, unlike the Act of 1866 [from which Section 1981 is derived], is addressed only to the state and to those acting under color of state authority. *Id.* (citations omitted). It is well established that liability under § 1983 will not attach for actions taken under color of federal law. *Bethea v. Reid*, 445 F.2d 1163, 1164 (3d Cir.1971).

*Brown,* 250 F.3d at 800.

Therefore, to state a claim for relief under §1983, Plaintiff must demonstrate both that Defendants were acting under color of state law and that a constitutional violation was directly caused by Defendants' conduct. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Here, the Amended Complaint does not contain any factual allegations to suggest or infer that the Defendants are state actors or that they acted under the color of state law at the relevant

times. Nor does the Amended Complaint contain any allegations from which it can be inferred that the Defendants identified above "acted together with" or "obtained significant aid" from clearly identified state officials.  *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).[13]

Moreover, Defendant Ramaley is not a state actor merely because of her status as an attorney and officer of the court.  *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 318 (1981))) (other citations omitted); *Murphy v. Bloom,* 443 F. App'x 668, 670 (3d Cir. 2011) ("public defender does not act under color of state law under 42 U.S.C. §1983 when performing traditional functions of counsel to criminal defendant in state proceeding." (citing *Polk Cnty., supra*)). The allegations as to Defendant Ramaley pertain to her representation of Montel Staples in a federal criminal proceeding.  (Am. Compl., ¶¶124-28.)  Therefore, Plaintiff has failed to state a plausible Fourteenth Amendment claim under Section 1983. Accordingly, the Court recommends that Plaintiff's Section 1983 claim against Defendants Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Christopher Thompson, Stephie Ramaley, Chasity Thompson, the Rivers Casino, Craig Clark, Donna Staples, Daleena Johnson, Candice Thompson, Crystal Thompson, LaRue Staples and Tiffany Staples, for alleged violations of his

---

[13] In *Lugar,* the Supreme Court established a two prong test to determine whether and when a private party who invokes a state procedure acts under color of law for purposes of Section 1983:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . .. Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*. at 937.

Fourteenth Amendment rights, be dismissed with prejudice.[14]

### 4.    Liability Under Section 2000c-5

Plaintiff also asserts a claim under 42 U.S.C. §2000c-5 to redress rights secured by the Constitution of the United States.  (Am. Compl., ¶1, ECF No. 12 at 3.)   Section 2000c-5 is found in Subchapter IV of Chapter 21, Title 42 of the United States Code, which deals with discrimination in public education, and provides:   "Payments pursuant to a grant or contract under this subchapter may be made (after necessary adjustments on account of previously made overpayments or underpayments) in advance or by way of reimbursement, and in such installments, as the Secretary may determine."  42 U.S.C. §2000c-5.  The facts alleged in the Amended Complaint do not, in any way, implicate a violation of Section 2000c-5 by any of the Defendants.  More importantly, Section 2000c-5 does not authorize a private cause of action to redress the deprivation of any rights, such as those alleged in the Amended  Complaint.  Thus, Plaintiff's reliance upon Section 2000c-5 to impose liability is misplaced and completely unfounded.  Accordingly, the Court recommends dismissal of this claim as to all Defendants with prejudice.

### 5.    Liability Under Section 1985

In his Complaint, Plaintiff also asserts a conspiracy claim, presumably under 42 U.S.C. § 1985, against several of the Defendants.   While Plaintiff has not identified which of the three subsections of Section 1985 Defendants have allegedly violated, a liberal construction of his

---

[14] In addition, to the extent Plaintiff's Section 1983 claim is predicated upon conduct or events occurring prior to June 25, 2010, his claim is time-barred.  *Carpenter,* 2005 WL 1364787, at *4 (statute of limitations for Section 1983 claims is the two-year statute of limitations for personal injury actions in Pennsylvania) (citing *Garvin v. City of Phila.,* 354 F.3d 215, 220 (3d Cir. 2003); *Vitalo,* 399 F.3d at 542).

claim yields a possible Section 1985(2) or a Section 1985(3) violation.[15]  A remedial action is authorized under Section 1985(2) where a plaintiff alleges and proves a conspiracy: (1) to intimidate a party, witness, or juror in a federal court proceeding, or (2) to obstruct justice in a state court proceeding.[16]  *Banks v. One or More Unknown Named Confidential Informants of Fed. Prison Camp Canaan,* Civ. A. No. 1:06-cv-1127, 2008 WL 2563355, at *11 n. 22 (M.D.Pa. June 24, 2008).  Subsection (3) of Section 1985 "provides a cause of action against a person who conspires 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'"  *Id.* (quoting 42 U.S.C. §1985(3)).[17]  The provision authorizing a civil remedy for a

---

[15] The allegations of the Amended Complaint do not implicate a violation of subsection (1) of Section 1985, which provides a remedial action to persons injured from a conspiracy to prevent federal officers from performing their duties.

[16] Section 1985(2) provides in relevant part that a cause of action may be brought against:

> two or more persons . . . [who] conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or . . . two or more persons [who] conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. §1985(2).

[17] Section 1985(3) authorizes a civil action against:

violation of any of the subsections of Section 1985 appears at the end of Section 1985(3).[18]  *See Kush v. Rutledge*, 460 U.S. 719, 724 (1983).  An examination of the Amended Complaint reveals a lack of factual allegations from which a plausible claim for a violation of Section 1985(2) or (3) can be inferred.

In order to state a claim under either subsection (2) or (3) of Section 1985, Plaintiff must allege, as a threshold matter, an underlying conspiracy.  This entails setting forth in the complaint some factual basis to support the elements of a conspiracy, which are: (1) an actual agreement among the co-conspirators or "'meeting of the minds,'" and (2) concerted action. *Demetro v. Police Dep't, City of Cherry Hill,* 2011 WL 5873063, *16 (D.N.J. Nov. 22, 2011) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir.2008) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)); *Capogrosso v. The Supreme Court of New Jersey,* 588

---

two or more persons . . . [who] conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or . . . two or more persons [who] conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; . . ..

[18] The pertinent statutory language provide states:
[I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do ... any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, ... the party so injured ... may have an action for the recovery of damages occasioned by such injury or deprivation against any one or more of the conspirators.
42 U.S.C.§1985(3).

F.3d 180, 184-85 (3d Cir. 2009))). *See also Goodson v. Maggi,* 797 F.Supp. 2d 624, 639 (W.D.Pa. 2011) (citations omitted) ("Plaintiff must set forth specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators."). "'Courts have nearly unanimously required more than conclusory allegations of deprivations of constitutional rights'" protected under §1985(3). *Osei v. Temple Univ. of Commw. Sys. of Higher Educ.,* Civ. A. No. 10-2042, 2011 WL 4549609, at *19 (E.D.Pa. Sept. 30, 2011) (quoting *Robinson v. McCorkle,* 462 F.2d 111, 113 (3d Cir. 1972)) (also citing *Herring v. Chichester Sch. Dist.,* Civ. A. No. 06-5525, 2007 WL 3287400, at * 10 (E.D.Pa. Nov. 6, 2007) (holding plaintiff's § 1985(3) claim must be dismissed because it contained nothing more than conclusory statements that the defendants conspired, without alleging any facts to demonstrate or allow an inference of a conspiracy)). Indeed, simply alleging that "'the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism[]'" is not enough to survive a motion to dismiss. *Novellino v. N.J. Dep't of Corr. Mountainview Youth Corr. Facility,* Civ. No. 10-4542 (AET), 2011 WL 3418201, at *6 (D.N.J. Aug. 3, 2011) (quoting *Prince v. Aiellos,* No. 09-5429, 2010 WL 4025846, at *7 (D.N.J. Oct. 12, 2010) (citing *Spencer v. Steinman,* 968 F.Supp. 1011, 1020 (E.D.Pa.1997))).

Thus, although the allegations in a civil rights complaint are not held to a heightened pleading standard, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993), a plaintiff must assert facts showing a conspiracy with some particularity. *Goodson,* 797 F.Supp. 2d at 639 (citing *Bieros v. Nicola,* 860 F.Supp. 223, 225 (E.D.Pa. 1994)). At a minimum, the plaintiff should identify with some particularity the conduct violating his rights, the time and place of the actions, and the specific individuals involved. *See Osei,* 2011 WL 4549609, at *19 (citations omitted).

In the case at bar, Plaintiff's Amended Complaint lacks any factual allegations from which a Section 1985 conspiracy can be inferred. For example, Plaintiff's Amended Complaint alleges that: "All Defendants mentioned were a part of a vast criminal conspiracy that lied to authorities, and others creating a minature (sic) civil war and multiple family fueds (sic)" (Am. Compl. ¶28); and that Crystal Thompson "help[ed] with a conspiracy against Plaintiff, which will be proven"[19] (*id.* at ¶120). Plaintiff does not identify which Defendants were involved in a particular conspiracy, their alleged part in the conspiracy or any actions which would demonstrate an actual agreement to conspire. As previously noted, "[m]ere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." *Boykin v. Bloomsburg Univ. of Pa.*, 893 F.Supp. 409, 418 (M.D.Pa. 1995) (citing *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)), *aff'd without op.,* 91 F.3d 122 (3d Cir. 1996). Plaintiff also fails to allege exactly when the conspiracy took place. Only conduct occurring on or after June 25, 2010 can support a conspiracy under Section 1985. *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 79-80 (3d Cir. 1989) (holding that Pennsylvania's two-year statute of limitations applies to Section 1985 claims and begins to run from the date of each overt act causing damage to plaintiff). Thus, to the extent Plaintiff's conspiracy claim under Section 1985 is predicated upon acts occurring prior to June 25, 2010, his claim is time-barred. Therefore, under the standard set out in *Twombly*, Plaintiff has failed to allege a plausible conspiracy claim under Section 1985(2).

Even if Plaintiff could allege facts to suggest a Section 1985 conspiracy, such claim is still deficient for the following reasons. The first part of Section 1985(2) aims at conspiracies whose objective is to intimidate or retaliate against parties, witnesses, or jurors (either grand or

---

[19] Although Plaintiff alleges some facts as to time and place, i.e., the end of 2008 and Angel's Night Club, no allegations are provided as to the identities of the co-conspirators and, in any event, any conspiracy occurring in 2008 is clearly time-barred.

petit), in any federal court. *Brawer v. Horowitz,* 535 F.2d 830, 840 (3d Cir. 1976). The essential elements of a claim for witness intimidation under Section 1985(2) are: "'(1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs.'" *Rode v. Dellarciprete,* 845 F.2d 1195, 1206 (3d Cir. 1988) (quoting *Malley-Duff & Assocs. v. Crown Life Ins. Co.,* 792 F.2d 341, 356 (3d Cir.1986) (quoting *Chahal v. Paine Webber, Inc.,* 725 F.2d 20, 23 (2d Cir.1984))). The first part of Section 1985(2), proscribing conspiracies to intimidate parties, witnesses or jurors, does not require a plaintiff to show any race or class-based animus. *Rode,* 845 F.2d at 1206 n. 7 (citing *Kush,* 460 U.S. at 726-28; *Brawer,* 535 F.2d at 840).

In the case at bar, the allegations do not support a claim under the first part of Section 1985(2). Plaintiff refers to two federal court proceedings in the Amended Complaint—one is a federal criminal matter in which Defendant Montel Staples was represented by Defendant Stephie Ramaley (Am. Compl., ¶124); the other is a civil rights action filed in this district at Civil Action No. 11-1280, on Plaintiff's behalf, by Defendants Chasity Thompson and Daleena Johnson against employees at the Beaver County Jail (where Plaintiff is currently incarcerated) (*id.* at ¶¶187, 191, 335-36). As to the former, Plaintiff alleges that Defendant Ramaley advised her client, Montel Staples, to enter a guilty plea in federal court on April 5, 2012, and that in open court, Montel Staples falsely implicated Plaintiff in the drug business between Montel and his brother, Tywan Staples. Plaintiff further avers that Ramaley did not take the necessary time to research the case which, if she had, she would have learned that he was incarcerated from September 1998 to December 2002, and in a halfway house until April 2003, and therefore, he could not have been involved with Montel and Tywan Staples' drug business. (Am. Compl.

¶¶124-27.)    However, these allegations are not sufficient to suggest or infer a conspiracy between Defendant Montel Staples and his attorney, Defendant Ramaley.    It is clear that attorneys are exempt from conspiracy charges under Section 1985 for actions taken in the course of representing their clients, even if the conduct may have been unethical.    *Heffernan v. Hunter,* 189 F.3d 405, 413 (3d Cir. 1999); *Mierzwa v. Safe & Secure Self Storage, LLC,* No. 11-2414, 2012 WL 3538654, at *3 n. 4 (3d Cir. Aug. 17, 2012) (citing *Heffernan, supra*). Moreover, the mere fact that defense counsel may have been paid by the government (e.g., through CJA appointment) does not make the attorney a federal actor for purposes of *Bivens*, where she was performing traditional functions of counsel.   *Murphy v. Bloom,* 443 F. App'x 668, 670 (3d Cir. 2011) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312 (1981)).    Here the allegations regarding Defendants Montel Staples and Ramaley suggest that the actions taken by Defendant Ramaley were taken in the course of her representation of Montel Staples in his federal criminal case, nothing more.[20]

The other federal court proceeding involves a civil rights action allegedly filed by Defendants Chasity Thompson and Daleena Johnson in October of 2011, which names Robert Russell Spence (Plaintiff herein) as the plaintiff and several employees of the Beaver County Jail (collectively "BCJ") as defendants.   *See* ECF No. 5, Civil Docket for Case No. 2:11-cv-1280, U.S. Dist. Ct., W.D.Pa.  Plaintiff alleges that neither Chasity nor Daleena possessed his power of attorney to file the civil rights action at 11-1280 on his behalf.  Plaintiff further asserts that their objective in filing this lawsuit was to steal the $750 Plaintiff had arranged to receive from Donna

---

[20] In addition, it is questionable whether Plaintiff actually has standing to bring a claim under the first part of Section 1985(2), as he has not alleged he was a party, witness or potential witness, or juror in the federal criminal case in which Montel Staples was a defendant.  *Cf. Heffernan,* 189 F.3d at 410-411 (holding that a witness or juror may be a "party" for purposes of Section 1985(2) and thus has standing to bring a cause of action under Section 1985(2)).

Staples to pay for his own civil lawsuit, but that Chasity and Daleena manipulated Donna Staples into giving them the $750, which they pocketed and then initiated the frivolous civil rights action against BCJ by filing a motion for *in forma pauperis* status. Plaintiff asserts that the filing of the frivolous lawsuit against BCJ by Chasity and Daleena shows the extent to which they will go to hide their wrong doings. (Am. Compl., ¶¶187-191.) As a result of their actions, Plaintiff contends that he was harmed under "state and federal laws." (Am. Compl., ¶¶ 336, 362.[21]) These allegations do not, however, implicate a violation of the first part of Section 1985(2).

The conduct Plaintiff is challenging is the act of filing a frivolous lawsuit in order to abscond with the $750 filing fee. Such conduct does not constitute a "conspiracy to deter a [party] . . . from attending court or testifying freely *in any pending matter*". *Rode,* 845 F.2d at 1206 (emphasis added). Plaintiff alleges only that these Defendants filed the frivolous lawsuit so they could steal $ 750.00 earmarked for his own civil rights action. Additionally, Plaintiff does not identify any pending matter in federal court at which Defendants intended to deter Plaintiff from appearing or testifying freely by filing the frivolous lawsuit. This fact alone mandates dismissal. *See Fox v. Cnty. of Yates,* No. 10-CV-6020, 2010 WL 4616665, *4 (W.D.N.Y. Nov. 12, 2010) (citations omitted) (dismissing §1985(2) claim with prejudice where proceedings upon which plaintiff's claim was based took place in state court not federal court). Nor does Plaintiff allege how he has been harmed by the filing of the frivolous lawsuit. Indeed, Plaintiff does not appear to have been deterred by the filing of the frivolous lawsuit by Chasity and Daleena at 11-1280, as he filed a Second Amended Complaint in Civil Action No. 11-1280 on May, 21, 2012 (ECF Nol. 29) naming twenty-one new defendants (mostly criminal defense attorneys) and asserting numerous federal and state law claims against them. Moreover, Plaintiff has filed three

---

[21] *See* Am. Compl. ¶362, ECF No. 12 at 83.

subsequent civil rights lawsuits since Civil Action No. 11-1280 was filed.[22]  For these reasons, Plaintiff has not pled a violation of the first part of Section 1985(2) based upon the filing of the "frivolous" lawsuit by Defendants Chasity Thompson and Daleena Johnson.

Accordingly, neither of the two federal court proceedings referenced in Plaintiff's Amended Complaint provides a basis for stating a plausible claim under the first part of Section 1985(2).

The second part of Section 1985(2) proscribes a conspiracy to obstruct the course of justice in a state court proceeding, the intent of which is "to deny any citizen the equal protection of the laws[.]"  42 U.S.C. §1985(2). *See Kush*, 460 U.S. at 725. Although Plaintiff alleges that some of the Defendants gave false or misleading statements to *federal* authorities to incriminate Plaintiff and shift blame away from themselves, the Defendants who allegedly gave these misstatements are private individuals, and Plaintiff does not identify any *state* court proceeding or investigation in which these statements were allegedly used to deny him equal protection of the law. Plaintiff has only vaguely referenced "federal authorities" and two federal proceedings, none of which gives rise to a cause of action under the second part of Section 1985(2).

Moreover, the Supreme Court in *Kush* has construed the language in the second part of Section 1985(2), as well as the first part of subsection (3)—that the conspirators' actions be motivated by an intent to deprive "any person, or class of persons, [of] the equal protection of the laws"—to require allegations of "'racial, or . . . class-based invidiously discriminatory animus behind the conspirators' action'" to establish a cause of action.  *Id.* at 725-26 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  The Amended Complaint is completely devoid of any such allegations of race or class-based invidiously discriminatory animus.  Thus, the Amended

---

[22] In addition to the present matter, Plaintiff instituted civil rights actions at Docket Nos. 2:12-cv-385 and 2:12-cv-1077, in the U.S. District Court for the Western District of Pennsylvania.

Complaint fails to state a plausible claim under the second part of Section 1985(2). *Davis v. Twp. of Hillside,* 190 F.3d 167, 171 (3d Cir. 1999) (citing *Kush,* 460 U.S. at 725 (quoting *Griffin,* 403 U.S. at 102)).

Finally, the Amended Complaint fails to state a plausible claim under subsection (3) of Section 1985. Section 1985(3) authorizes any person who suffers injury to his person or property, or who is deprived of his rights or privileges as a citizen of the United States, to bring a cause of action for conspiracy against private and state actors under limited circumstances. *Brown,* 250 F.3d at 805. Here, none of the Defendants is alleged to be a state actor or to have acted under color of state law. Therefore, only the provisions of Section 1985(3) pertaining to private conspiracies are applicable to the case at bar.[23]

In order to bring a viable claim for a private conspiracy under the deprivation clause of Section 1985(3), a plaintiff must allege and establish four elements: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold,* 112 F.2d 682, 685 (3d Cir. 1997) (citing *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott,* 463 U.S. 825, 828-29 (1983) ("*Carpenters*"); *Griffin,* 403 U.S. at 102–03. *See also Welch v. Bd. of Directors of Wildwood Golf Club,* 877 F.Supp. 955, 958 (W.D.Pa. 1995) (citing *Griffin, supra*). With regard to the second element, a plaintiff must allege "'(a) that a racial or other class-based invidious discriminatory animus lay behind the coconspirators' actions, (b) that the coconspirators intended

---

[23] A private conspiracy is authorized by the first and third clauses in Section 1985(3); however, only the first clause, commonly referred to as the "deprivation clause," is potentially implicated by the allegations in the Amended Complaint.

to deprive the victim of a right guaranteed by the Constitution against private impairment, and (c) that that right was consciously targeted and not just incidentally affected.'" *Brown*, 250 F.3d at 805 (quoting *Spencer v. Casavilla*, 44 F.3d 74, 77 (2d Cir.1994); *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993)); *see also Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68 (1993) (citing *Griffin,* 403 U.S. at 102; *Carpenters,* 463 U.S. at 833).   In light of these requirements, Plaintiff's Amended Complaint fails to state a claim under Section 1985(3) for two reasons, in addition to his failure to adequately plead a conspiracy (*see* discussion *supra* at 17).

First, as noted above, a plaintiff asserting a conspiracy claim under the first part of Section 1985(3) must assert allegations of "'racial, or . . . class-based invidiously discriminatory animus behind the conspirators' action'" to establish a cause of action.  *Kush,* 460 U.S. at 725-26 (quoting *Griffin,* 403 U.S. at 102).  The Amended Complaint is devoid of any allegations of a race based invidiously discriminatory animus.   Nowhere in the Amended Complaint does Plaintiff allege his race or the race of the Defendants.   Rather, Plaintiff asserts that he was not given equal justice or treatment under the law because he was falsely accused, arrested and indicted, while the Thompsons and Johnsons, some of whom provided information to the federal authorities about his activities, were not indicted and "went Scott free" for their criminal activities.  (Am. Compl., ¶¶ 92-93, 112.)    It is not reasonable to infer from this allegation that Defendants were motivated to deprive Plaintiff of equal protection/justice under the law because of his race.

Nor is it reasonable to infer from the factual allegations that Defendants acted with the intent to deprive Plaintiff of equal protection/justice under the law because he is a member of a protected class under Section 1985.  In discussing what constitutes a class for purposes of *Griffin's* extension of Section 1985(3) beyond race, the Supreme Court in *Bray* opined:

> [T]he term ["class"] unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. Otherwise, innumerable tort plaintiffs would be able to assert causes of action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with. This definitional ploy would convert the statute into the "general federal tort law" it was the very purpose of the animus requirement to avoid. *Ibid*. As Justice BLACKMUN has cogently put it, the class "cannot be defined simply as the group of victims of the tortious action." *Carpenters, supra*, 463 U.S., at 850, 103 S.Ct., at 3367 (dissenting opinion).

506 U.S. at 269.

To ensure that a "class" under Section 1985(3) has an "independent identifiable existence," the court of appeals has required that "a reasonable person must be able to 'readily determine by means of an objective criterion or set of criteria who is a member of the group and who is not.'" *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 5-6 (1st Cir. 1996)). By way of example, the court of appeals noted that "'women,' or 'registered Republicans,' may constitute an identifiable 'class' as opposed to a more amorphous group defined by 'conduct that the § 1985(3) defendant disfavors,' such as 'women seeking abortion,' *see Bray*, 506 U.S. at 269, . . . or 'persons who support [political] candidates,' *see Aulson*, 83 F.3d at 4-5." *Farber,* 440 F.3d at 136. This requirement reflects the well-established holding in this circuit that animus against a class, for purposes of Section 1985(3), "'must be based on: (1) immutable characteristics for which the members of the class have no responsibility; and (2) historically pervasive discrimination.'" *H & R Grenville Fine Dining, Inc. v. Borough of Bay Head*, Civ. A. No. 3:10-cv-00325 (FLW), 2011 WL 6339815, at *10 (D.N.J. Dec. 19, 2011) (quoting *Russo v. Voorhees Twp.,* 403 F.Supp. 2d 352, 359-60 (D.N.J. 2005)) (other citations omitted). *See also Carchman v. Korman Corp.,* 594 F.2d 354, 356 (3d Cir. 1979) (refusing to recognize tenant organizers as a class protected by Section 1985,

holding that animus against tenant organizers was not based upon "immutable characteristics" for which the members of the class have no responsibility, nor were they the victims of historically pervasive discrimination); *Magnum v. Archdiocese of Phila.,* 253 F. App'x 224, 230 (3d Cir. 2007) (holding "minor children--who have not been recognized as 'victims of historically pervasive discrimination' and whose sole classifying characteristic (*i.e.,* their minority) is not immutable—fall outside the ambit of the statute.") *Cf. Lake v. Arnold,* 112 F.3d 682, 688 (3d Cir. 1997 (holding that an animus directed against mentally handicapped individuals constituted a class-based invidiously discriminatory motive for purposes of Section 1985(3)); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n,* 584 F.2d 1235 (3d Cir. 1978) (relying on the "immutable nature of gender" to hold that women are a protected class under Section 1985(3)), *rev'd on other grounds,* 442 U.S. 366 (1979).

Here the Amended Complaint is devoid of any allegations suggesting that Plaintiff possesses, or belongs to a class which possesses, an "immutable characteristic" for which he bears no responsibility, or that he or the members of the class are victims of historically pervasive discrimination. *Carchman,* 594 F.2d at 356. Rather, it appears from the allegations in the Amended Complaint that the characteristic that forms the basis of Defendants' targeting of Plaintiff, i.e., falsely accusing Plaintiff of criminal activities, is their perception of him as a "fall guy," someone to whom they could shift the blame and from whom they could conceal their true nature—betrayal, greed, envy and jealously; someone who trusted and believed, to his detriment, that his family and friends would do the right thing. As such, Plaintiff is nothing more than a victim of the Defendants' tortious actions, which is inadequate to constitute a class for purposes of Section 1985(3). *Bray,* 506 U.S. at 269.

Second, Plaintiff has not asserted that the aim of the conspiracy was to interfere with a right protected against private encroachment by Section 1985. Our jurisprudence makes clear that Section 1985(3) does not create substantive rights but merely serves as a conduit for vindicating federal rights and privileges which have been defined elsewhere. *Brown,* 250 F.3d at 805 (citing *Novotny,* 442 U.S. at 376). "[I]n the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under §1985(3): the right to be free from involuntary servitude and the right to interstate travel." *Id.* (citing *Bray*, 506 U.S. at 278; *Caswell v. The Morning Call, Inc*., No. Civ. A. 95-7081, 1996 WL 560355, at *6 (E.D.Pa. Sept.30, 1996); *Welch,* 877 F.Supp. at 959 (citing *Bray, supra*). In concluding that the right to abortion was not a right protected from private encroachment under Section 1985(3), the Supreme Court explained:

> Whereas, unlike the right of interstate travel, the asserted right to abortion was assuredly "aimed at" by the petitioners, deprivation of that federal right (whatever its contours) cannot be the object of a purely private conspiracy. In *Carpenters*, we rejected a claim that an alleged private conspiracy to infringe First Amendment rights violated § 1985(3). The statute does not apply, we said, to private conspiracies that are "aimed at a right that is by definition a right only against state interference," but applies only to such conspiracies as are "aimed at interfering with rights ... protected against private, as well as official, encroachment." 463 U.S., at 833, 103 S.Ct., at 3358. There are few such rights (we have hitherto recognized only the Thirteenth Amendment right to be free from involuntary servitude, *United States v. Kozminski*, 487 U.S. 931, 942, 108 S.Ct. 2751, 2759, 101 L.Ed.2d 788 (1988), and, in the same Thirteenth Amendment context, the right of interstate travel, *see United States v. Guest*, 383 U.S., at 759, n. 17, 86 S.Ct., at 1179, n. 17). The right to abortion is not among them. It would be most peculiar to accord it that preferred position, since it is much less explicitly protected by the Constitution than, for example, the right of free speech rejected for such status in *Carpenters*. Moreover, the right to abortion has been described in our opinions as one element of a more general right of privacy, *see Roe v. Wade*, 410 U.S. 113, 152-153, 93 S.Ct. 705, 726-727, 35 L.Ed.2d 147 (1973), or of Fourteenth Amendment liberty, *see*

> *Planned Parenthood of Southeastern Pa.*, 505 U.S., at 846-851,
> 112 S.Ct., at 2804-2807; and the other elements of those more
> general rights are obviously *not* protected against private
> infringement. (A burglar does not violate the Fourth Amendment,
> for example, nor does a mugger violate the Fourteenth.)
> Respondents' § 1985(3) "deprivation" claim must fail, then,
> because they have identified no right protected against private
> action that has been the object of the alleged conspiracy.

*Bray,* 506 U.S. at 278 (emphasis in original). As in *Bray,* the allegations in the Amended

Complaint here fail to identify or implicate a right protected against private action that has been

the object of the alleged conspiracy. There is nothing in the Amended Complaint to suggest that

the aim of the conspiracy was to deprive Plaintiff of his right to interstate travel or to be free

from involuntary servitude. Rather, Plaintiff raises violations of general rights not protected

against private encroachment, such as possibly general rights under the Fourth, Fifth, Sixth,

Seventh, Ninth, and Fourteenth Amendments.

Having failed to allege any facts to suggest that the conspirators actions were motivated

by a racial or other class-based invidious discriminatory animus, that the conspirators intended to

deprive Plaintiff of a right guaranteed by the Constitution against private impairment, and that

that right was consciously targeted and not just incidentally affected, Plaintiff has failed to plead

a plausible conspiracy claim under Section 1985(3). Accordingly, the Court recommends that

Plaintiff's conspiracy claim under Section 1985(3) be dismissed.

### 6. **Bivens Claims**

Although the allegations in the Amended Complaint make clear that none of the

Defendants is a state actor, thus precluding liability under Section 1983 (and concomitantly

under the Fourteenth Amendment), liability may exist for constitutional violations committed by

persons acting under color of federal law, pursuant to *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court

implied a right of action directly under the Fourth Amendment to the United States Constitution to allow a victim of an unconstitutional search to sue federal officials personally for damages. "'*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.'" *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). The United States Supreme Court's "authority to imply a new constitutional tort, not expressly authorized by statute, is anchored in [its] general jurisdiction to decide all cases 'arising under the Constitution, laws, or treaties of the United States.'" *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (quoting 28 U.S.C. § 1331) (other citations omitted).

In order to state a *Bivens* claim, which is the federal equivalent of the Section 1983 cause of action against state actors, a plaintiff must allege the following: (1) Defendants must have been acting under color of federal law; and (2) Defendants must have caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States. *Brown,* 250 F.3d at 800 (citation omitted); *Corr. Servs. Corp.,* 534 U.S. at 66. In determining whether the actions of a private party should be attributed to the federal government, courts apply the Section 1983 "state actor" test delineated in *Lugar v. Edmondson Oil*.[24] *Brown,* 250 F.3d at 801. "*Lugar* requires courts to ask 'first whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in [federal] authority ... and second, whether the private party charged with the deprivation could be described in all fairness as a [federal] actor.'" *Id.* (quoting *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991) (applying *Lugar*)).

---

[24] *See* Note 13, *supra.*

In the instant matter, Plaintiff asserts claims predicated upon violations of his Fifth, Sixth, Seventh, and Ninth Amendment rights, involving several of the Defendants and the "DEA" and/or unidentified "authorities," "federal authorities," "federal government," or "government," which the Court liberally construes as an attempt to set forth a *Bivens* action. The Defendants who are alleged to have interacted with the federal authorities include: Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Tywan Staples, Chasity Thompson, and Candice Thompson.[25] (Am. Compl., ¶¶267, 270, 273, 276, 309-11, 316, 345, 332, & 361.) Specifically, Plaintiff asserts a violation of his Fifth Amendment rights for (1) giving false statements to authorities by Defendants Oronde Shelton, Manikia Mickie, Crystal Thompson, and Montel Staples (Am. Compl., ¶¶267, 270, 273 & 276); (2) meeting with DEA agents in May 2010 and telling lies about Plaintiff by Defendant Tywan Staples (*id.* at ¶309); (3) sharing misleading information regarding Plaintiff to snitches who in turn provided these "lies" to federal authorities by Chasity Thompson (*id.* at ¶332). Plaintiff alleges a violation of his Sixth Amendment rights for (1) Chasity Thompson being "twirled" by the government using their Duquesne snitch (*id.* at ¶ 361); and (2) Chasity, Crystal and Candice Thompson giving false statements to law enforcement regarding Plaintiff (*id.* at ¶345). Plaintiff asserts a violation of his Seventh Amendment rights against Chasity Thompson for obtaining his assets through extortion with the federal government and then selling the assets without compensating or informing him. (*Id.* at ¶311). Finally, with regard to his rights under the Ninth Amendment, Plaintiff asserts that (1) Chasity Thompson shared wrong and misleading information to known and unknown law enforcement informants regarding him (*id.* at ¶310); and (2) Tywan Staples met with federal

---

[25] Plaintiff asserts other claims against these and other Defendants for alleged violations of his Fourth, Fifth, Sixth, Seventh, and Ninth Amendment rights, which are not based on any alleged interaction with federal (or state for that matter) government officials. Those claims do not fall within the purview of *Bivens,* and thus, will be separately analyzed, *infra.*

authorities several times regarding Plaintiff's involvement in a drug conspiracy from 2000 to 2003, shifting the blame to Plaintiff (*id.* at ¶316).

Merely because Plaintiff alleges that the above Defendants made false statements to federal authorities, or DEA agents, or to snitches who in turn gave the information to federal authorities, or asserts conclusory allegations of "extortion" or being "twirled" by the government, that does not suggest that these Defendants were acting under color of federal law. "Although private parties may be found to have engaged in 'governmental' action sufficient to subject their activities to the fifth amendment," *Local 1498, Am. Fed'n of Gov't Employees v. Am. Fed'n of Gov't Employees, AFL/CIO,* 522 F.2d 486, 492 (3d Cir. 1975) (footnote omitted), this case does not present such circumstances. A liberal construction of the Amended Complaint reveals no allegations by which federal governmental participation can be inferred from the alleged conduct of the private Defendants. The Amended Complaint does not allege anything other than passive involvement by the federal authorities, i.e., receipt of information. Moreover, the Amended Complaint fails to (1) identify the federal authorities who allegedly received the information, (2) what their involvement was, and (3) when and where the information was allegedly exchanged. Consequently, Plaintiff has failed to allege any facts from which it can be inferred that the actions of Defendants Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Tywan Staples, Chasity Thompson and Candice Thompson, can be attributed to the "DEA" or other unidentified "federal authorities" to support a viable *Bivens* action for alleged violations of his rights under the Fifth, Sixth, Seventh and Ninth Amendment claims.

Moreover, as explained below, because Plaintiff has failed to allege viable constitutional claims under the Sixth, Seventh, and Ninth Amendments against Chasity, Crystal and Candice Thompson, and Tywan Staples, based on the conduct allegedly involving the "federal

authorities" or DEA, the Court recommends that the *Bivens* claims asserted in paragraphs 310-11, 316, 345 and 361 of the Amended Complaint be dismissed with prejudice. *See* discussion *infra* at 37-43. However, because it is unclear whether Plaintiff can state a plausible *Bivens* action against Defendants Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Tywan Staples, and/or Chasity Thompson, for alleged violations of his Fifth Amendment rights (other than under the Takings Clause), the Court recommends dismissal of the claims set forth in paragraphs 267, 270, 273, 276, 309 and 332 of the Amended Complaint without prejudice. *See* discussion *infra* at 37.

### 7. Constitutional Claims

#### a. Fourth Amendment

The Fourth Amendment prohibits the unreasonable searches and seizures of a person or his property.[26] Only seizures made by a state or federal officer are protected by the Fourth Amendment. *United States v. Jacobsen,* 466 U.S. 109, 113-14 (1984) (footnote omitted) ("This Court has also consistently construed this protection as proscribing only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting))). In the case at bar, Plaintiff has not pled a seizure by any state or federal officers, or that the Defendants, all private individuals, were acting as agents of any

---

[26] The Fourth Amendment ensures:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

government or with the participation or knowledge of any governmental official, in effectuating the seizure of his assets.  Rather, all of the seizures of his property were allegedly committed by the Defendants, acting either alone or with other private actors, motivated by personal greed, envy, and/or jealousy.

Plaintiff has asserted Fourth Amendment claims against 18 of the Defendants.  In particular, Plaintiff has asserted claims against the following Defendants for allegedly stealing his money and assets in violation of his rights under the Fourth Amendment:  Christopher Thompson, Crystal Thompson, Candice Thompson, Daleena Johnson, Arnold Staples, Jr., Arnold Staples III, Darius Staples, Dontane Staples, Lillian Staples, Donna Staples, LaRue Staples, Tiffany Staples, Tywan Staples, Rita Staples, Monica Staples, Montel Staples, and Oronde Shelton.  (Am. Compl., ¶¶283, 286, 287, 288, 289, 290, 294, 296, & 297.)  Plaintiff has not pled that these Defendants, in seizing his money and assets, were acting as agents of any government or with the participation or knowledge of any governmental official.  As such, these claims do not rise to the level of a constitutional violation, as the Fourth Amendment does not protect against seizures by private individuals, and should be dismissed.

Next, Plaintiff asserts that Defendant Chasity Thompson violated his Fourth Amendment rights when she seized his assets without any warrants.  (Am. Compl., ¶308.)  However, it is clear from the Amended Complaint that Chasity Thompson is not, and was not acting as, a state or federal officer.  Therefore, this claim is legally insufficient.  Plaintiff also asserts that Defendant Chasity Thompson violated his Fourth Amendment rights when (1) she filed a false lawsuit against BCJ without his permission (Am. Compl., ¶¶335, 336), and (2) she posed as his most trusted confidant for persons to turn over his vehicles and monies (*id.* at ¶343).  Notwithstanding Chasity's status as a private actor, neither of these allegations suggests conduct

protected by the Fourth Amendment. Thus, these Fourth Amendment claims against Chasity Thompson are likewise meritless and should be dismissed.

In addition, Plaintiff asserts that Defendant Daleena Johnson violated his Fourth Amendment rights when she filed a false lawsuit against BCJ without his permission. (Am. Compl., ¶¶335, 336.) This claim fails for the same reason given with respect to Chasity Thompson, and thus, should be dismissed.

Plaintiff also asserts violations of his Fourth Amendment rights against Defendant Rita Staples for negotiating an extortion scheme with her son, Rashene Hill, for Plaintiff to give him $20,000 to use his identity and absorb Plaintiff's assets once Plaintiff was in jail (Am. Compl., ¶324), and against Tywan Staples for allegedly investing over $1 million of Plaintiff's money with a third party and never recouping any of it, which Plaintiff did not discover until 2011 (*id.* at ¶326). Neither of these allegations suggests conduct protected by the Fourth Amendment. Thus, the Fourth Amendment claims against Rita Staples and Tywan Staples, respectively, are also meritless and should be dismissed.

Finally, Plaintiff asserts a violation of his Fourth Amendment rights against Candice, Crystal, and Christopher Thompson for allegedly drugging him without his knowledge. (Am. Compl., ¶352.) The allegations in the Amended Complaint do not suggest, in any way, that these Defendants were acting as agents of any government or with the participation or knowledge of any governmental official when they allegedly drugged Plaintiff. Thus, this Fourth Amendment claim against Candice, Crystal and Christopher Thompson lacks merit and should be dismissed.

### b. Fifth Amendment

The Fifth Amendment provides, in relevant part, "nor shall [any person] be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property,

without due process of law; nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V, cl. 3-5. Like the Fourth Amendment, the Fifth Amendment proscribes only governmental action and does not apply to private actors. *Augustin v. SecTek, Inc.,* 807 F.Supp. 2d 519, 526 (E.D.Va. 2011) (citing *Jacobsen,* 466 U.S. at 113) (other citations omitted); *see also Thompson v. Wagner,* 631 F.Supp. 2d 664, 671 (W.D.Pa. 2008) (due process clause of the Fifth Amendment limits the actions of only the federal government) (citation omitted).

Plaintiff has asserted claims against 14 of the Defendants for the alleged violation of his Fifth Amendment rights. Although Plaintiff does not identify which clause(s) of the Fifth Amendment Defendants allegedly violated, it appears that the allegations primarily implicate Plaintiff's rights under the Takings Clause. That clause "prohibits the government from taking private property for public use without just compensation." *Palazzolo v. Rhode Island,* 533 U.S. 606, 617 (2001). Thus, the government may confiscate private property so long as two conditions are met: (1) the taking must be for a "public use," and (2) "just compensation" must be paid to the property owner. *Brown v. Legal Found. of Wash.,* 538 U.S. 216, 231-32 (2003) (footnote omitted).[27] A taking typically occurs "when the government encroaches upon or occupies private land for its own proposed use." *Palazzolo*, 533 U.S. at 617. While the Takings Clause has been applied primarily to takings of real property, the courts have found compensable property under that clause to also include intangible rights, such as liens on property, *Armstrong v. United States,* 364 U.S. 40, 49 (1960), access to courts/right to redress, *Logan v. Zimmerman,*

---

[27] Although the Takings Clause of the Fifth Amendment applies to the States (through the Fourteenth Amendment), as well as the Federal Government, *see Brown,* 538 U.S. at 232 n. 6 (2003); *Palazzolo,* 533 U.S. at 617, the Amended Complaint is completely devoid of any allegations that the alleged takings were effectuated by state actors or under the authority of any state government.

455 U.S. 422, 428-433 (1982), contractual rights, *United States Trust Co. of New York, v. New Jersey*, 431 U.S. 1, 19 n. 16 (1977), and fundamental property rights such as public employment and rights deriving therefrom (*Board of Regents of State Coll. v. Roth*, 408 U.S. 564, 576-77 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602-03 (1972)). *See Vulcan Pioneers, Inc. v. New Jersey Dep't of Civil Serv.*, 588 F.Supp. 716, 725-26 (D.N.J. 1984), *vacated on other grounds*, 588 F.Supp. 732 (D.N.J. 1984).

In the instant matter, Plaintiff alleges that the following Defendants took his private property, essentially consisting of cash/investments and numerous vehicles, for public use without just compensation: Chasity, Candice, Crystal, and Christopher Thompson (Am. Compl., ¶¶ 305, 307); Daleena Johnson (*id.* at ¶307); and Donna, Tywan, Montel and Monica Staples (*id.* at ¶¶306, 346-47). In addition, Plaintiff alleges that the Casino Defendants—the Rivers Casino and Craig Clark—violated his Fifth Amendment rights by allowing Chasity Thompson to continuously enter the Casino, resulting in her losing Plaintiff's five-year, pre-paid, life insurance policy (*Id.* at ¶¶304, 353), which the Court construes as a claim under the Takings Clause. Plaintiff's claims for alleged violations of the Takings Clause fail for several reasons. First, the property allegedly taken does not constitute compensable property under the Takings Clause.[28] Second, the Amended Complaint does not allege any governmental action in these "takings," and finally, the Amended Complaint does not allege or identify the public use for which the property was allegedly taken. Accordingly, the Court recommends that Plaintiff's Fifth Amendment Takings Clause claims against Chasity, Candice, Crystal, and Christopher Thompson (Am. Compl., ¶¶ 305, 307), Daleena Johnson (*id.* at ¶307), Donna, Tywan, Montel

---

[28] To the extent Plaintiff may be claiming that some of the property confiscated was real property, that property would constitute compensable property. However, his Takings Clause claim still fails for the second and third reasons.

and Monica Staples (*id.* at ¶¶306, 346-47), and the Rivers Casino and Craig Clark (*id.* at ¶¶304, 353), be dismissed with prejudice.

In addition to the Takings Clause claims, Plaintiff asserts violations of generic Fifth Amendment rights for various other conduct, including: (1) giving false statements to authorities by Defendants Oronde Shelton, Manikia Mickie, Crystal Thompson, and Montel Staples (Am. Compl., ¶¶267, 270, 273 & 276); (2) meeting with DEA agents in May 2010 and telling lies about Plaintiff by Defendant Tywan Staples (*id.* at ¶309); (3) sharing wrong and misleading information regarding Plaintiff while knowing the truth by Defendant Rita Staples (*id.* at ¶313); (4) telling lies about Plaintiff ruining his reputation by Defendant Daleena Johnson (*id.* at ¶334); and (5) purchasing homes with Plaintiff's $200,000 by Defendants Montel and Monica Staples (*id.* at ¶348). With regard to Chasity Thompson, Plaintiff asserts the following alleged violations of his Fifth Amendment rights: sharing misleading information regarding Plaintiff to snitches who in turn provided these "lies" to federal authorities (Am. Compl., ¶332), putting his three sons' lives in jeopardy by bringing enemies into his home (*id.* at ¶359), working alongside a snitch from Duquesne, Pennsylvania who posed extortion like methods (*id.* at ¶360), destroying Plaintiff's investments/assets (*id.* at ¶¶ 341-42), and telling lies about Plaintiff supposedly as a "confidant" who were out to harm Plaintiff (*id.* at ¶344). None of this conduct implicates a violation of Plaintiff's rights under the Due Process clause or any other clause of the Fifth Amendment.[29]

As a threshold matter, the Court notes that the due process clause of the Fifth Amendment applies only to actions taken by the federal government and not by private persons.

---

[29] Besides the Takings Clause and Due Process Clause, the Fifth Amendment affords individuals the right to: (1) indictment by grand jury for capital/infamous crimes, (2) not be subjected to double jeopardy, and (3) not to incriminate oneself, U.S. CONST. amend. V, cl. 1-3, none of which are implicated here.

*Local 1498, Am. Fed'n of Gov't Employees,* 522 F.2d at 492 (citing *Public Utility Comm'n v. Pollak,* 343 U.S. 451, 461 (1952)). *See also Velez-Diaz v. Bega-Irizarry,* 421 F.3d 71, 78-79 (1st Cir. 2005); *United States v. Guerro,* 983 F.2d 1001, 1004 (10th Cir. 1993). As Plaintiff's Fifth Amendment claims in paragraphs 313, 334, 341-42, 344, 348, and 359-60 against Rita Staples, Daleena Johnson, Montel and Monica Staples, and Chasity Thompson, are asserted against private individuals and do not allege any involvement by federal authorities, these claims fail as a matter of law. Accordingly, the Court recommends these claims be dismissed with prejudice.

As to the Fifth Amendment claims asserted in paragraphs 267, 270, 273, 276, 309 and 332 against Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Tywan Staples, and Chasity Thompson, although Plaintiff alleges involvement with federal authorities, the alleged involvement is insufficient under *Twombly* to infer the requisite federal action, *see* discussion *supra* at 31, and thus, these claims likewise fail. However, it is possible that Plaintiff may be able to amend his complaint to allege sufficient facts to show the requisite federal action and a deprivation of a property or liberty interest protected by the Fifth Amendment, and therefore, the Court recommends that these claims be dismissed without prejudice.

### c. Sixth Amendment

The Sixth Amendment to the United States Constitution sets forth rights related to criminal prosecutions by the federal government,[30] and includes the right of the accused to a speedy and public trial; the right to an impartial jury; the right to be informed of the nature and cause of the accusations against him; the right to confront the witnesses against him; the right to call and compel witnesses to testify on his behalf; and the right to have the assistance of counsel for his defense. U.S. CONST. amend. VI. In the case at bar, Plaintiff's claims for alleged

---

[30] The Sixth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 148 (1968) (citations omitted).

violations of his Sixth Amendment rights appear to implicate only the right to the assistance of counsel. Specifically, Plaintiff asserts four different causes of action based on the Sixth Amendment: (1) Defendants Arnold Staples Jr., Arnold Staples III, and Dontane, Darius, Lillian, Donna, LaRue, Tiffany, Rita, Tywan, and Terry Staples (Am. Compl., ¶¶355-357), and the Rivers Casino and Craig Clark (*id.* at ¶354), caused Plaintiff not to have legal representation; (2) Defendant Stephie Ramaley maliciously defamed Plaintiff's character (*id.* at ¶358); (3) Defendant Chasity Thompson was being "twirled" by the government using their Duquesne snitch (*id.* at ¶ 361); and (4) Defendants Chasity, Crystal and Candice Thompson gave false statements to law enforcement regarding Plaintiff (*id.* at ¶345). Only the cause of action set forth in the first clause implicates the right to counsel; the causes of action set forth in the remaining three clauses and the underlying factual allegations in the Amended Complaint do not, in any way, implicate any rights guaranteed under the Sixth Amendment.

It appears that the essence of Plaintiff's denial of assistance of counsel claim is that the Defendants (identified above in the first cause of action), by stealing or taking his assets without permission or just compensation, or by allowing some of the Defendants to do same, caused Plaintiff to not be able to retain legal representation of his choice. This claim is completely meritless. First and foremost, Plaintiff fails to identify any criminal proceeding or case in which he was denied legal representation. Second, impecunious defendants do not have a Sixth Amendment right to counsel of their choice. *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624 (1989). As the Supreme Court explained in *Caplin & Drysdale*:

> The Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts. "[A] defendant may not insist on representation by an attorney he cannot afford." *Wheat* [*v. United States*, 486 U.S. 153,

159 (1988)]. Petitioner does not dispute these propositions. Nor does the Government deny that the Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds.

*Id.* at 624-25. *Cf. United States v. Payment Processing Ctr., LLC,* 439 F.Supp. 2d 435, 441 n. 3 (E.D.Pa. 2006) (because an indigent defendant in a criminal case is eligible for court-appointed counsel, his inability to access property subject to forfeiture does not deprive the defendant of his right to counsel (citing *Caplin & Drysdale,* 491 U.S. at 624)).   Here, the Amended Complaint does not allege that the government prevented him in any way from retaining his counsel of choice in a pending criminal matter.   Thus, Plaintiff's Sixth Amendment claim for violation of his right to counsel fails as a matter of law.

Alleged causes of action (2), (3) and (4) above can be disposed of quickly.  As to cause of action (2), Defendant Ramaley's alleged defamation of Plaintiff's character does not implicate any rights guaranteed under the Sixth Amendment.  Defamation is a civil matter, while the Sixth Amendment applies only to criminal proceedings. Moreover, Plaintiff does not allege that he retained Defendant Ramaley; rather he alleges that Defendant Ramaley was Defendant Montel Staples' attorney.  Similarly, causes of action (3) and (4) do not implicate any rights guaranteed under the Sixth Amendment.  In addition, Plaintiff has failed to identify any criminal proceeding or case in which the alleged Sixth Amendment violations occurred.  This is fatal to his Sixth Amendment claims.

Accordingly, Plaintiff has failed to state legally cognizable Sixth Amendment claims against Defendants Arnold Staples Jr., Arnold Staples III, and Dontane, Darius, Lillian, Donna, LaRue, Tiffany, Rita, Tywan, and Terry Staples (Am. Compl., ¶¶355-357), and the Rivers Casino and Craig Clark (*id.* at ¶354),  Stephie Ramaley (*id.* at ¶358), and Chasity, Crystal and

Candice Thompson (*id.* at ¶¶345, 361).   Therefore, the Court recommends that these claims be dismissed with prejudice.

### d.   Seventh Amendment

The Seventh Amendment to the United States Constitution establishes the right to a jury trial in certain civil cases, and forbids any court from reexamining or overturning any factual determinations made by a jury, except as provided under the rules of common law.   U.S. CONST. amend. VII.   Plaintiff alleges that several of the Defendants violated his rights under the Seventh Amendment.   In particular, Plaintiff contends:   (1) Chasity Thompson obtained his assets through extortion with the federal government and then sold the assets without compensating or informing him (Am. Compl. ¶311); (2) the Rivers Casino and Craig Clark failed to turn away Chasity Thompson from the Casino after being contacted by Plaintiff (*id.* at ¶317); (3) Rita Staples asked Plaintiff to help her son Rashene Hill out of financial ruins to be repaid but was not (*id.* at ¶325); and (4) Montel and Monica Staples borrowed $30,000 from Plaintiff to purchase and flip a house and never repaid Plaintiff (*id.* at ¶¶349-50); all in violation of his Seventh Amendment rights.

Plaintiff's Seventh Amendment claims are completely frivolous.   Neither the factual allegations nor the legal claims set forth  in the Amended Complaint suggest or infer in any way that Plaintiff was denied the right to a jury trial in a civil action. Nor does the Amended Complaint implicate in any way a violation of the Reexamination Clause of the Seventh Amendment. Accordingly, the Court recommends that Plaintiff's Seventh Amendment claims against Chasity Thompson, the Rivers Casino, Craig Clark, Rita Staples, Montel Staples and Monica Staples (Am. Compl. ¶¶ 311, 317, 325, 349-50) be dismissed with prejudice.

### e.    Ninth Amendment

Next, Plaintiff asserts that his rights under the Ninth Amendment were violated.   The
Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be
construed to deny or disparage others retained by the people." U.S. CONST. amend. IX.   As the
district court aptly explained in *Basile v. Elizabethtown Area School District*:

> [T]he Ninth Amendment does not confer substantive rights in
> addition to those conferred by other portions of our governing law,
> and does not independently secure a constitutional right for
> purposes of pursuing a civil rights claim.   *Strandberg v. City of
> Helena*, 791 F.2d 744, 748 (9th Cir.1986); *Quilici v. Village of
> Morton Grove*, 695 F.2d 261, 271 (7th Cir.1982); *U.S. v. LeBeau*,
> 985 F.2d 563, 1993 WL 21970 (7th Cir.1993)). Rather, the Ninth
> Amendment serves to protect fundamental rights that are not set
> forth in the Constitution. *Charles v. Brown*, 495 F.Supp. 862, 863
> (N.D.Ala.1980); *see also Gibson v. Matthews*, 926 F.2d 532 (6th
> Cir.1991).

*Basile v. Elizabethtown Area Sch. Dist.,* 61 F. Supp. 2d 392, 403 (E.D.Pa. 1999).  *See also Perry
v. Lackawanna Cnty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009) ("the Ninth
Amendment does not independently provide a source of individual constitutional rights" (citing
*Jenkins v. Comm'r*, 483 F.3d 90, 92 (2d Cir. 2007); *Schowengerdt v. United States,* 944 F.2d
483, 490 (9th Cir. 1991)); *Kachmar v. City of Pottsville,* No. 4:05CV413, 2005 WL 2591871, at
*6 n. 5 (M.D.Pa. Oct. 13, 2005) ("The construction of the Ninth Amendment and its plain
language reveal that it provides positive affirmation to the existence of rights which are not
enumerated but which are nonetheless protected by other provisions." (citing *The Federalist No.
84* (Modern Library ed.1937); *Griswold v. Connecticut*, 318 U.S. 479 (1965)).

Here Plaintiff asserts three different causes of action based on the Ninth Amendment:  (1)
Chasity Thompson shared wrong and misleading information to known and unknown law
enforcement informants regarding him (Am. Compl., ¶310); (2) Tywan Staples met with federal

authorities several times regarding Plaintiff's involvement in a drug conspiracy from 2000 to 2003, shifting the blame to Plaintiff (*id.* at ¶316); and (3) Crystal, Christopher, Chasity and Candice Thompson withheld "very important information" that would have exonerated Plaintiff (*id.* at ¶322). However, Plaintiff's claims do not assert the violation of a fundamental right that would fall within the rights reserved to the people by the Ninth Amendment, such as the right to personal privacy. *See e.g., Roe v. Wade,* 410 U.S. 113, 152-53 (collecting cases) (noting various contexts in which Supreme Court has recognized a right of personal privacy or a guarantee of certain zones of privacy under the Constitution, such as activities relating to marriage, procreation, contraception, family relationships, and child rearing and education; and holding that right to privacy is broad enough to include woman's right to decide whether or not to terminate her pregnancy); *Griswold v. Connecticut,* 381 U.S. 479, 488 (1965) (Goldberg, J., concurring) (noting that "liberty" guaranteed by the due process clause of the Fourteenth Amendment ""denotes not merely freedom from bodily restraint but also (for example), the right . . . to marry, establish a home and bring up children . . .."" (quoting *Meyer v. Nebraska,* 262 U.S. 390, 399 (1923))).[31]

Moreover, Plaintiff seeks relief from private individuals for allegedly incriminating him in a drug conspiracy and/or other criminal activities. However, the Ninth Amendment only protects Plaintiff from *government* infringement of fundamental rights not otherwise protected under the Constitution, not *private* infringement. *Griswold,* 381 U.S. at 488 ("The language and history of the Ninth Amendment reveal that the Framers of the Constitution believed that there are additional fundamental rights, protected from government infringement, which exist

---

[31] In *Griswold,* the Supreme Court held that a state law banning the use of contraceptives unconstitutionally intruded upon the fundamental personal right to marital privacy. 381 U.S. at 485-86.

alongside those fundamental rights specifically mentioned in the first eight amendments."). Even if his allegations could somehow be construed as government infringement (based on the allegations that the private actors provided the false and incriminating information to federal authorities), Plaintiff has not identified a fundamental right not otherwise protected by the first eight amendments to the Constitution which was violated here. Moreover, Plaintiff's third cause of action is premature as he has not alleged that he has been convicted of a crime based on Defendants' alleged withholding of information that would have exonerated him.

Accordingly, the Court finds Plaintiff's claims against Defendants Chasity Thompson (¶310), Tywan Staples (¶316), and Crystal, Christopher, Chasity and Candice Thompson (¶322) for alleged violations of his Ninth Amendment rights are legally deficient, and therefore, recommends dismissal of these claims with prejudice.

### 8. State Law Claims/Supplemental Jurisdiction

In addition to the numerous federal claims discussed above, Plaintiff has asserted the following state law claims in his Amended Complaint: (1) Breach of verbal and/or written contracts against Defendants Christopher Thompson, Oronde Shelton, and Donna Staples (Am. Compl., ¶¶ 262-264); (2) giving false or misleading statements to authorities against Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, and Stephie Ramaley (Am. Compl., ¶¶269, 272, 275, 278, 292, 299); (3) a malpractice action against Candace and Crystal Thompson (Am. Compl., ¶¶265-66); (4) a claim against Donna, LaRue and Tiffany Staples for depriving Plaintiff of his property without compensation/seizing his property without cause (Am. Compl., ¶¶279, 280); (5) a claim against Donna Staples and Oronde Shelton for sharing Plaintiff's secrets with others without authorization (Am. Compl., ¶¶281-82); and (6) a defamation claim against Rita Staples and Stephie Ramaley (Am. Compl., ¶¶315, 358). The

Court declines to address these claims until such time as Plaintiff has alleged a plausible claim under the laws and/or Constitution of the United States.

### 9. Claims Asserted Under Unidentified State and Federal Laws

Plaintiff also asserts several claims for alleged violations of unidentified state and federal laws. *See* Amended Compl., ¶¶ 292, 293, 299, 300, 303, 312, 314, 323, 327-331, 337-40, 351, 362.[32] Although the Court is required to liberally construe the Amended Complaint since Plaintiff is proceeding *pro se*, Plaintiff must still provide enough detail for the parties and Court to ascertain the legal claims he is attempting to articulate. The claims identified in these paragraphs consist merely of a single conclusory statement of alleged harm which violates "Plaintiff's state and federal laws," making it impossible for the Court to determine the nature of the claims he is attempting to assert in paragraphs 292, 293, 299, 300, 303, 312, 314, 323, 327-331, 337-40, 351, 362. Further complicating this process is a rambling, voluminous pleading (376 paragraphs) naming 23 Defendants which, for the most part, fails to provide dates (month, day and year) of when the conduct giving rise to the claim occurred, or only provides the year, and thus fails to establish that the claim is timely.[33] Simply stating that certain conduct violates "Plaintiff's state and federal laws" is insufficient under both Rule 8 of the Federal Rules of Civil Procedure and the pleading standards required by *Twombly*. Moreover, the claims set forth in paragraphs 337-38, which allege that Plaintiff and his daughter were harmed when Defendant

---

[32] Plaintiff also alleges harm which violates "Plaintiff's state and federal laws" in paragraphs 336, 350 and 353. These claims are duplicative, however, of claims set forth in paragraphs 335, 349, and 304, respectively, wherein Plaintiff actually identifies a specific constitutional amendment which was allegedly violated by the Defendants' conduct.

[33] Some of the dates provided by Plaintiff in the Amended Complaint, although only referencing the year, actually establish that his claims are time-barred. *See* discussion, *supra,* at 8-10, 17, Note 14, *supra*, and Note 34, *infra,* finding Pennsylvania's two-year personal injury statute of limitations applies to *Bivens* claims and claims under Sections 1981, 1982, 1983 and 1985, and thus bars all claims based on conduct occurring prior to June 25, 2010.

Daleena Johnson "worked voodoo" on them, lack any basis in law or fact, and therefore, are frivolous. Accordingly, the Court recommends that the claims asserted in paragraphs 292, 293, 299, 300, 303, 312, 314, 323, 327-331, 337-40, 351, 362 of the Amended Complaint be dismissed with prejudice.

### D.     LEAVE TO AMEND THE COMPLAINT

This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004); *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir.2008). With this precept in mind, the Court considers whether leave to amend should be granted as to each of Plaintiff's claims.

The Court recommends that Plaintiff be given leave to amend his Section 1981 and 1982 claims, as he may be able to plead facts sufficient to show plausible claims of discrimination based on race with regard to contracts and property rights. Plaintiff is cautioned, however, that only actions or conduct occurring on or after June 25, 2010 may be alleged in support of his Section 1981 and 1982 claims.

The Court also recommends that Plaintiff be granted leave to amend his Amended Complaint to assert factual allegations to support a *Bivens* claim based on violations of the Fifth Amendment as alleged in paragraphs 267, 270, 273, 276, 309 and 332, against Defendants Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Tywan Staples, and Chasity Thompson, as these claims allege some interaction with federal authorities or the DEA.

However, only actions or conduct occurring on or after June 25, 2010 may be alleged in support of this *Bivens* claim.

On the other hand, the Court finds that it would be futile to allow Plaintiff to amend his Complaint to state *Bivens* claims against Chasity, Crystal and Candice Thompson, and Tywan Staples based on the Sixth, Seventh, and Ninth Amendments, as the claims asserted in paragraphs 310-11, 316, 345 and 361 of the Amended Complaint fail as a matter of law.

Plaintiff's constitutional claims for alleged violations of the Fourth, Fifth, Sixth, Seventh and Ninth Amendments (non-*Bivens* based claims) fail as a matter of law, and therefore, it would be futile to allow Plaintiff leave to amend these claims.

With regard to Plaintiff's Section 1983 claim for alleged violations of his Fourteenth Amendment rights, the Amended Complaint suggests possible involvement by only federal actors, not state actors, and therefore, it would be futile to allow Plaintiff to amend his Section 1983 and/or Fourteenth Amendment claims as set forth in paragraphs 268, 271, 274, 277, 284-85, 291, 298, 301-02, 318-321, and 333 of the Amended Complaint, against Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Christopher Thompson, Stephie Ramaley, Chasity Thompson, the Rivers Casino, Craig Clark, Donna Staples, Daleena Johnson, Candice Thompson, LaRue Staples, and Tiffany Staples.

As to Plaintiff's claims for alleged violations of Sections 1985(2) and 1985(3), they fail as a matter of law, and therefore, it would be futile to allow Plaintiff to amend those claims.

Similarly, it would be futile to allow him to amend his Section 2000c-5 claim, as that section does not authorize a private cause of action to redress the deprivation of any rights such as those alleged in the Amended Complaint.

### E.    CONCLUSION

For the reasons set forth above, it is respectfully recommended that this civil rights action, which was commenced *in forma pauperis*, be dismissed under 28 U.S.C. §1915(e)(2)(B), as both frivolous and for failure to state a claim upon which relief may be granted.  Specifically, it is recommended that the following claims be **dismissed with prejudice**:

(1)    Potential *Bivens* claims against Chasity Thompson, Crystal Thompson, Candice Thompson, and Tywan Staples based on alleged violations of the Sixth, Seventh and Ninth Amendments as asserted in paragraphs 310-11, 316, 345 and 361 of the Amended Complaint;

(2)    Fourth Amendment claims against Christopher Thompson, Crystal Thompson, Candice Thompson, Daleena Johnson, Arnold Staples, Jr., Arnold Staples III, Darius Staples, Dontane Staples, Lillian Staples, Donna Staples, LaRue Staples, Tiffany Staples, Tywan Staples, Rita Staples, Monica Staples, Montel Staples, Oronde Shelton, and Chasity Thompson, asserted in paragraphs 283, 286, 287, 288, 289, 290, 294, 296, 297, 308, 324, 326, 335-36, 343, 352 of the Amended Complaint;

(3)    Fifth Amendment Claims for alleged violations of the Takings Clause against Chasity Thompson, Candice Thompson, Crystal Thompson, Christopher Thompson, Daleena Johnson, Donna Staples, Tywan Staples, Montel Staples, Monica Staples, the Rivers Casino, and Craig Clark, asserted in paragraphs 304-07, 346-47, and 353 of the Amended Complaint;

(4)    Claims under the Fifth Amendment (unidentified clause) against Rita Staples, Daleena Johnson, Montel and Monica Staples, and Chasity Thompson, asserted in paragraphs 313, 334, 341-42, 344, 348, 359-60 of the Amended Complaint;

(5)    Sixth Amendment claims against Arnold Staples Jr., Arnold Staples III, Dontane Staples, Darius Staples, Lillian Staples, Donna Staples, LaRue Staples, Tiffany Staples, Rita

Staples, Tywan Staples, Terry Staples, the Rivers Casino, Craig Clark, Stephie Ramaley, Chasity Thompson, Crystal Thompson, and Candice Thompson, asserted in paragraphs 345, 354-358, 361 of the Amended Complaint;

(6)     Seventh Amendment claims against Chasity Thompson, the Rivers Casino, Craig Clark, Rita Staples, Montel Staples and Monica Staples, asserted in paragraphs 311, 317, 325, 349-50 of the Amended Complaint;

(7)     Ninth Amendment claims against Chasity Thompson, Tywan Staples, Crystal Thompson, Christopher Thompson, and Candice Thompson, asserted in paragraphs 310, 316 and 322 of the Amended Complaint;

(8)     Section 1981 claim to the extent based on conduct occurring prior to June 25, 2010;

(9)     Section 1982 claim to the extent based on conduct occurring prior to June 25, 2010;

(10)     Section 1983 and/or Fourteenth Amendment claims as set forth in paragraphs 268, 271, 274, 277, 284-85, 291, 298, 301-02, 318-321, and 333 of the Amended Complaint, against Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Christopher Thompson, Stephie Ramaley, Chasity Thompson, the Rivers Casino, Craig Clark, Donna Staples, Daleena Johnson, Candice Thompson, LaRue Staples, and Tiffany Staples;

(11)     Section 1985(2) and 1985(3) claims against all Defendants;

(12)     Section 2000c-5 claim against all Defendants; and

(13)     Claims asserted for alleged violations of unidentified state and federal laws against Stephie Ramaley, Chasity Thompson, Rita Staples, Monica Staples, Montel Staples, Terry Staples, Tywan Staples, Daleena Johnson, LaRue and Donna Staples, as set forth in

paragraphs 292, 293, 299, 300, 303, 312, 314, 323, 327-331, 337-40, 351, 362 of the Amended Complaint.

It is further recommended that the following claims be **dismissed without prejudice** and Plaintiff be allowed to file a Second Amended Complaint setting forth sufficient factual allegations to cure the deficiencies identified in this Report and Recommendation, within twenty (20) days of the date of the order entered by the District Court with regard to this Report and Recommendation:

(1)     Section 1981 claim to the extent based on conduct occurring on or after June 25, 2010;

(2)     Section 1982 claim to the extent based on conduct occurring on or after June 25, 2010; and

(3)     a potential *Bivens* claim against Oronde Shelton, Manikia Mickie, Crystal Thompson, Montel Staples, Tywan Staples, and Chasity Thompson, based on the alleged violations of Plaintiff's Fifth Amendment rights (other than the Takings Clause) asserted in paragraphs 267, 270, 273, 276, 309 and 332 of the Amended Complaint, to the extent based on conduct occurring on or after June 25, 2010.[34]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

---

[34] Similar to Section 1983 claims, the statute of limitations for a *Bivens* action is borrowed from the forum state's personal injury statute, *Lomax v. U.S. Senate Armed Forces Serv. Committee,* 454 F. App'x 93, 95 (3d Cir. 2011) (citing *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985) (other citation omitted)), which, in this case, is two years under Pennsylvania law (42 PA. CONS. STAT. ANN. §5524).

Dated: January 4, 2013

BY THE COURT:


___/s Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief U.S. Magistrate Judge

cc: Robert Russell Spence, Jr., *Pro Se*
Beaver County Jail
6000 Woodlawn Road
Aliquippa, PA 15001
*Via U.S. Mail*